[Cite as *El-Hitti v. Americare Kidney Inst., L.L.C.*, 2025-Ohio-165.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

WASSIM EL-HITTI, ET AL.,                    :

     Plaintiffs-Appellants,            :

     v.                                                  :

     No. 113650

AMERICARE KIDNEY INSTITUTE,
LLC, ET AL.,                                        :

     Defendants-Appellees.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** January 23, 2025

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-21-955156

---

### *Appearances:*

Amundsen Davis, LLC, Christopher B. Congeni, Christopher R. Green, and Marissa R. Borschke, *for appellants*.

Lewis Brisbois Bisgaard & Smith, LLP, John F. Hill, and Meleah M. Skillern, *for appellee*.

ANITA LASTER MAYS, J.:

{¶1} Plaintiffs-appellants Drs. Wassim El-Hitti, Akhilesh Rao, and Saurabh Bansal, collectively known as ("the appellants"), appeal the trial court's decision

denying their motion to bifurcate the compensatory and punitive damages portions of the ongoing trial. We affirm the trial court's decision to deny the appellants' motion to bifurcate the compensatory and punitive damages portions of the breach-of-fiduciary and unfair-competition claims and remand for further proceedings.

## I.    Facts and Procedural History

{¶2} On November 1, 2021, the appellants filed a complaint against defendant-appellee Americare Kidney Institute, LLC ("AKI") alleging that AKI was involved in perpetuating fraudulent billing practices. The appellants argued that as a result of AKI's alleged fraud, their professional reputations were affected and requested that AKI release the appellants from their restrictive covenants. AKI refused the appellants' request, and the appellants filed suit against AKI for breach of contract, fraud, and a declaratory judgment that the noncompete clause contained in their agreements was unreasonable as a matter of law.

{¶3} The appellants also alleged that AKI, under the previous CEO, launched an investigation into the participants engaging in the fraudulent billing practices. However, the previous CEO was fired and replaced with Dr. Keith Petras ("Dr. Petras"), who halted the investigation and refused to release the limited report generated from the investigation. In response to the appellants' complaint, AKI filed a counterclaim against the appellants for unfair competition, breach of contract, and breach of fiduciary duty.

**{¶4}** On October 23, 2023, the appellants filed a motion to bifurcate on issues of compensatory and punitive or exemplary damages. In the appellants' motion, they argued that the plain language of R.C. 2315.21(B) creates no ambiguity regarding its application that a trial court, on the motion of any party, is required to bifurcate a tort action to allow presentation of the claims for compensatory and punitive damages in separate stages. The appellants moved the trial court to bifurcate the trial in this matter because two of AKI's counterclaims, breach of fiduciary duty and unfair competition, sought an award of punitive damages. As such, the appellants moved the trial court for an order prohibiting AKI from presenting any evidence or argument on the issue of punitive or exemplary damages in the compensatory damages stage of the proceedings.

**{¶5}** On February 15, 2024, the trial court denied the appellants' motion stating in its journal entry, in part:

> The declaratory judgment claim unquestionably falls outside the mandates of R.C. 2315.21. However, plaintiffs claim R.C. 2315.21 requires this court to bifurcate the jury trial in this matter on the remaining substantive claims, as they relate to issues of compensatory and punitive damages.

> R.C. 2315.21 requires bifurcation in "tort actions" defined as a "a civil action for damages for injury or loss to person or property" and specifically including product liability and employment discrimination claims. Notably, the statute excludes civil actions for breach of contract or other agreement between persons. By the statutes own language, the claim for breach of the operating agreement clearly falls outside the purview of R.C. 2315.21 as a breach of contract claim.

Regarding the fiduciary duty claim, the court agrees with the analysis in *Kramer Consulting, Inc. v. McCarthy*, 2006 U.S. Dist. LEXIS 12857 (S.D. Ohio Mar. 8, 2006) and its progeny, and does not find R.C. 2315.21 applicable, citing to Chapter 1701, that court held that "the Ohio Legislature clearly did not intend to include a breach of fiduciary claim . . . within the purview of the 'Tort Reform III' statute. . . . R.C. 2315.21 is inapplicable to plaintiff's claim." *Id.* at *8.

The remaining claim is one of unfair competition, the elements of which do not sound in negligence and require proof of malicious conduct. The court finds this claim also falls outside the purview of R.C. 2315.21. Further, proof of unfair competition will necessarily require identical evidence as that in support of any claim for punitive damages, pursuant to the standard in R.C. 2315.21(C)(1) (malice, aggravated or egregious fraud, knowing authorization or ratification). Accordingly, judicial economy is served by proceeding with one trial on [this] matter.

Plaintiffs/Counterclaim defendants' motion to bifurcate is denied.

Journal Entry No. 174529693 (Feb. 15, 2024).

**{¶6}** On February 19, 2024, the appellants filed a notice of appeal, and the trial court ordered a stay in the proceedings pending the outcome of this appeal. The appellants assigned one error for our review:

The trial court erred as a matter of law by failing to bifurcate the jury trial on plaintiffs-appellants' motion to bifurcate on issues of compensatory and punitive or exemplary damages pursuant to the mandate of R.C. 2315.21.

## II. Standard of Review

**{¶7}** "We review a denial of a motion to bifurcate claims or issues for trial under an abuse-of-discretion standard." *Pingue v. Preferred Real Estate Invests. II, LLC*, 2015-Ohio-4751, ¶ 84 (5th Dist.), citing *Amerifirst Savs. Bank of Xenia v.*

*Krug*, 136 Ohio App.3d 468, 485 (2d Dist. 1999). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

## III. Law and Analysis

**{¶8}** In the appellants' sole assignment of error they argue two issues. First, that breach-of-fiduciary-duty claims and unfair-competition-by-malicious-litigation claims are tort actions as defined by R.C. 2315.21; and second, the trial court committed reversible error when it denied the appellants' motion to bifurcate compensatory and punitive damages in a tort action upon the motion of a party.

**{¶9}** "Under R.C. 2315.21(B), the trial court has no discretion to deny a motion to bifurcate the punitive damages issue in a tort case when a party files a motion requesting bifurcation." *Flynn v. Fairview Village Retirement*, 2013-Ohio-569, ¶ 6 (8th Dist.), citing *Havel v. Villa St. Joseph*, 2012-Ohio-552, ¶ 26. "Indeed, 'R.C. 2315.21(B) creates a substantive right to bifurcation in tort actions when claims for compensatory and punitive damages have been asserted.'" *Id.*, quoting *id.* at ¶ 36.

**{¶10}** R.C. 2315.21(A) defines tort actions as the following:

(1) "Tort action" means a civil action for damages for injury or loss to person or property.

(a) "Tort action" includes all of the following:

(i) A product liability claim for damages for injury or loss to person or property that is subject to sections 2307.71 to 2307.80 of the Revised Code;

(ii) A civil action based on an unlawful discriminatory practice relating to employment brought under section 4112.052 of the Revised Code;

(iii) A civil action brought under section 4112.14 of the Revised Code.

{¶11} However, R.C. 2315.21(A)(1)(b) states that a "'Tort action' does not include a civil action for damages for a breach of contract or another agreement between persons." Although two of AKI's counterclaims are for breach of fiduciary duty and unfair competition, and not breach of contract, the trial court cited to the decision in *McCarthy*, 2006 U.S. Dist. LEXIS 12857 (S.D. Ohio Mar. 8, 2006), which states, "[T]he Court finds that the Ohio legislature clearly did not intend to include a breach of fiduciary claim against corporate officers and directors within the purview of the 'Tort Reform III' statute."

{¶12} The appellants, however, argue that AKI's counterclaims for breach of fiduciary duty and unfair competition are tort actions. Specifically, they argue that AKI's counterclaim for breach of fiduciary duty is not a breach-of-contract claim. In AKI's counterclaim, their second claim for relief was for breach of fiduciary duty. Under this section, AKI stated: "As member of AKI, Plaintiffs, and each of them, owe the Company fiduciary duties of loyalty and care, pursuant to Ohio law. By the scheme and course of conduct set forth above, Plaintiffs, and each

of them, have willfully and maliciously breached their fiduciary duties to AKI."
Answer and Counterclaim of Defendant Americare Kidney Institute, LLC filed on
(Dec. 16, 2021).

{¶13} However, we find the appellants' assertions are misplaced. The case law is clear. The Supreme Court held that R.C. 2315.21 is inapplicable to a breach-of-fiduciary claim. *McCarthy*, 2006 U.S. Dist. LEXIS 12857 (S.D. Ohio Mar. 8, 2006). The appellants do not provide relevant case law to support their contention in contradiction to the decision in *McCarthy*.

{¶14} The trial court also denied the appellants' request to bifurcate with respect to unfair competition, stating, in part:

> The remaining claim is one of unfair competition, the elements of which do not sound in negligence and require proof of malicious conduct. The court finds this claim also falls outside the purview of R.C. 2315.21. Further, proof of unfair competition will necessarily require identical evidence as that in support of any claim for punitive damages, pursuant to the standard in R.C. 2315.21(C)(1) (malice, aggravated or egregious fraud, knowing authorization or ratification). Accordingly, judicial economy is served by proceeding with one trial on these matter.

Journal Entry No. 174529693 (Feb. 15, 2024).

{¶15} We determine that the trial court did not abuse its discretion when making this judgment. In AKI's brief, it argues that unfair competition is not included in the list of claims defined as tort actions under R.C. 2315.21. We agree. When reviewing a statute, the primary goal is to give effect to the legislature's

intent. *Sivit v. Village Green of Beachwood, L.P.*, 2016-Ohio-2940, ¶ 28 (8th Dist.). Furthermore:

> "We examine the plain language of the statute, 'read words and phrases in context[,] and construe them according to the rules of grammar and common usage.' *In re M.W.* at ¶ 17, citing R.C. 1.42. In doing so, we attempt to give effect to 'every word, phrase, sentence, and part of the statute' and to avoid an interpretation that would 'restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's wording' or that would otherwise render a provision meaningless or superfluous. *State ex rel. Carna v. Texas Valley Local School Dist. Bd. of Edn.*, 2012-Ohio-1484, 967, ¶ 18-19. Where, as here, a statute is clear on its face, we must apply the statute as written. The General Assembly is presumed to mean what it said." *Id.*

**{¶16}** Therefore, we determine that unfair competition is outside of the purview of R.C. 2915.21, and that the trial court did not abuse its discretion when it denied appellants' request to bifurcate that claim.

**{¶17}** Additionally, claims for unfair competition generally arise when one person, with a purpose to deceive, represents to the public that another's goods are his. *Infocision Mgt. v. Donor Care Ctr.*, Summit C.P. No. CV 2010-03-1587 84, 2011 Ohio Misc. LEXIS 25282, ¶ 19 (June 3, 2011). "The concept of unfair competition may also extend to unfair commercial practices such as malicious litigation, circulation of false rumors, or publication of statements, all designed to harm the business of another." *Molten Metal Equip. v. Metaullics Sys., Co. L.P.*, 2000 Ohio App. LEXIS 2538, ¶ 15 (8th Dist. June 8, 2000). We agree with the trial court that similar evidence may be a necessity to prove unfair competition and punitive damages, therefore, for judicial economy a single hearing should be held.

**{¶18}** Therefore, the appellants' sole assignment of error is overruled.

**{¶19}** Judgment affirmed, and case remanded for further proceedings.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHAEL JOHN RYAN, J., CONCUR